174

W. J. Heddesheimer, of Cleveland, Ohio, for plaintiff.

David Ralph Hertz and Joseph G. Stashower, both of Cleveland, Ohio, for defendants.

JONES, District Judge.

The Administrator instituted this action under the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 901 et seq., to recover treble damages for the sale of "quantities of steel to various purchasers" between February 18, 1944 and April 25, 1944, inclusive, at prices in excess of the maximum prices provided by Revised Price Schedule No. 49, as amended, (7 Fed.Reg. 1300). Defendants have moved for a more definite statement or, in the alternative, a bill of particulars.

As to the particulars requested in paragraphs (1) and (2) of defendants' motion the motion will be overruled. Revised General Order No. 3 (8 F.R.8027) empowers Regional Enforcement Attorneys to authorize any attorney employed by the OPA to institute civil actions in the name of the Price Administrator. See Bowles v. Wheeler, 9 Cir., 152 F.2d 34. The District Enforcement Attorneys who signed the complaint were "authorized representatives" to institute actions of this type.

The Administrator pleaded the ultimate fact that "Revised Price Schedule No. 49, as amended, (7 Fed.Reg.1300)" was in effect during the period covered by the complaint. Under Rule 8(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, that is sufficient. It is not necessary for the Administrator to list the specific actions which gave effect to the Schedule, by whom taken, when they were taken and the steps by which it was amended.

The motion will be granted as to the particulars requested in paragraph (3) thereof for the reasons discussed in Bowles v. Snyder Furniture Company, No. 22951.[1]

Accordingly, the motion for a more definite statement or a bill of particulars will be overruled as to the particulars requested in paragraphs (1) and (2) of the motion and granted as to the particulars requested in paragraph (3) thereof.